**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARCOS VINICIUS DA SILVA,<br><br>Petitioner,<br>v.<br><br>WARDEN, PIKE COUNTY CORRECTIONAL FACILITY, et al.,<br><br>Respondents. | CIVIL ACTION NO. 3:26-CV-02517<br><br>(MEHALCHICK, J.) |

**ORDER**

Before the Court is Petitioner Marcos Vinicius Da Silva's ("Da Silva") petition for writ of habeas corpus. (Doc. 1). Da Silva, a native and citizen of Brazil, filed this petition on September 1, 2026, requesting that Respondents Craig A. Lowe, Markwayne Mullin, the United States Department of Homeland Security, and Todd Blanche release him from custody at the Pike County Correctional Facility in Lords Valley, Pennsylvania.[1] (Doc. 1).

[1] Pursuant to the "immediate custodian rule," the only proper respondent in this case is Craig A. Lowe ("Lowe"), Warden of the Pike County Correctional Facility. "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242); 28 U.S.C. § 2243 ("[t]he writ, or order to show cause shall be directed to the person having custody of the person detained"); *see Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 444 (3d Cir. 2021) ("if a § 2241 petitioner does not adhere to the immediate custodian rule, then the district court lacks jurisdiction to entertain the petition"). As Da Silva is detained at the Pike County Correctional Facility, Lowe is the proper respondent. (Doc. 1, at 2); *see Rumsfeld*, 542 U.S. at 434. As such, Respondents Markwayne Mullin, Todd Blanche, and the United States Department of Homeland Security are **DISMISSED**. However, the government will be bound by the Court's judgment because Lowe is acting as an agent of the federal government by detaining Da Silva on behalf of Immigration and Customs Enforcement ("ICE"). *See Madera v. Decker*, 18 Civ. 7314, 2018 WL 10602037, at *9-*10 (S.D.N.Y. Sep. 28, 2018) (finding the warden acts as an agent of the ICE regional director when ICE makes initial custody determinations including setting of a bond and review of conditions of release); *Santana-Rivas v. Warden of Clinton Cnty. Corr. Facility*, 3:25-cv-01896, 2025 WL 3522932, at *8 (M.D. Pa. Nov. 13, 2025), *adopted in part, rejected in part*, 2025 WL 3513152 (M.D. Pa. Dec. 8, 2025) (finding same).

On September 4, 2026, the Court granted Da Silva's motion to show cause. (Doc. 3). On September 11, 2026, Respondents filed a response. (Doc. 5). On September 18, 2026, Da Silva filed a traverse. (Doc. 6).

On May 4, 2021, Da Silva entered the United States and has resided in the United States ever since. (Doc. 1, at 6, 9). Da Silva asserts he has no criminal history and has supported himself, his wife, and two kids since his entry into the United States. (Doc. 1, at 9). On August 21, 2026, Immigration and Customs Enforcement ("ICE") arrested Da Silva in Berwick, Pennsylvania. (Doc. 1, at 5). Since his arrest, Da Silva has been detained at Pike County. (Doc. 1, at 6). Da Silva has a pending I-589, Application for Asylum and for Withholding of Removal with an individual merits hearing scheduled for July 22, 2027. (Doc. 1, at 2).

In his petition, Da Silva avers that Respondents deprived him of his fundamental liberty by failing to provide him with a bond hearing pursuant to 8 U.S.C. § 1225(b)(2)(A) in violation of the Due Process Clause of the Fifth Amendment. (Doc. 1, at 4, 15). Da Silva contends that the injury he has experienced cannot be properly remedied by a bond hearing and seeks immediate release. (Doc. 1, at 4). Lowe counters that the appropriate remedy for detention without a bond hearing is to provide Da Silva with a bond hearing under 8 U.S.C. § 1226(a). (Doc. 5, at 4). Lowe contends that immediate release is not the exclusive remedy and instead, the appropriate process for Da Silva would be to file an application for custody redetermination in immigration court. (Doc. 5, at 4).

The Third Circuit in *Buele Morocho v. Warden Philadelphia FDC*, No. 26-1150, 2026 WL 2546223, at *3 (3d Cir. Aug. 28, 2026), held that 8 U.S.C. § 1226(a) governs the detainment of noncitizens who have already been present within the United States for an extensive period

of time, whereas § 1225(b)(2)(A) applies to those noncitizens who are actively seeking entry into the country. The court reasoned that "applicant for admission" and a non-citizen "seeking admission" indicate different meanings. *Buele Morocho*, 2026 WL 2546223, at *5 (finding that "[t]he INA's broader statutory scheme also supports the conclusion that 8 U.S.C. § 1225(b) governs noncitizens arriving to the United States whereas 8 U.S.C. § 1226(a) governs those already within our borders"). Further, the court determined that mandatory detention without an opportunity for bond for noncitizens who have lived in the United States for an extended period of time violates the Due Process Clause of the Fifth Amendment. *Buele Morocho*, 2026 WL 2546223, at *8. The court reasoned that those individuals "who have established connections in this country have due process rights in deportation proceedings." *Buele Morocho*, 2026 WL 2546223, at *8 (citing *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 107 (2020)). Petitioners who have "established connections" in the United States "are entitled to due process rights beyond those provided to noncitizens at the border." *Buele Morocho*, 2026 WL 2546223, at *8 (citing *Barbosa da Cunha v. Freden*, 175 F.4th 61, 86 (2d Cir. 2026)).

The court considered the procedural due process factors established in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), and reasoned, first, that mandatory detention implicates a petitioner's "constitutionally protected interest in avoiding physical restraint." *Buele Morocho*, 2026 WL 2546223, at *9 (citing *Kansas v. Hendricks*, 521 U.S. 346, 356 (1997)). Second, the absence of neutral decision-makers to assess whether an individual is dangerous risks the erroneous deprivation of liberty. *Buele Morocho*, 2026 WL 2546223, at *9 (citing *United States v. Salerno*, 481 U.S. 739, 748 (1987)). The Third Circuit concluded that while the Government has a "legitimate interest in preventing the release of dangerous noncitizens" that interest does

not outweigh the other factors, "particularly when these non-criminal individuals were detained absent evidence that either is dangerous or a flight risk." *Buele Morocho*, 2026 WL 2546223, at *10.

Lowe should have detained Da Silva under 8 U.S.C. § 1226(a), not § 1225(b)(2)(A). *Buele Morocho*, 2026 WL 2546223, at *7. Da Silva resided in the United States for five years prior to being apprehended and taken into custody by ICE. (Doc. 1, at 6). As Da Silva was not "seeking admission" into the United States when Lowe detained him, he does not fall within the scope of § 1225(b)(2)(A) and should not be subject to mandatory detention. Instead, Lowe should have detained Da Silva under § 1226, which governs noncitizens already within the United States, and provided Da Silva with a bond hearing. *Buele Morocho*, 2026 WL 2546223, at *5.

Further, Lowe's detention of Da Silva, a noncitizen who has lived in the United States for an extended period with no criminal record, violates Da Silva's procedural due process rights. *Buele Morocho*, 2026 WL 2546223, at *9. Lowe does not allege that Da Silva poses a flight risk or danger to the community. (*See* Doc. 5). Da Silva not only has no criminal record but also has demonstrated compliance with the immigration process by actively participating in his pending asylum application. (Doc. 1, at 9). As Da Silva has been improperly subjected to mandatory detention in violation of his procedural due process rights, the Court finds the appropriate remedy to be immediate release from custody. *Morocho v. Jamison*, No. 5:25-CV-05930-JMG, 2025 WL 3296300, at *3 (E.D. Pa. Nov. 26, 2025), *aff'd sub nom. Buele Morocho v. Warden Philadelphia FDC*, No. 26-1150, 2026 WL 2546223 (3d Cir. Aug. 28, 2026) (collecting cases).

Accordingly, Da Silva's petition for writ of habeas corpus is **GRANTED**. (Doc. 1). Respondents are **ORDERED** to release Da Silva from custody. The Clerk of Court is directed to close this case. Da Silva may move to reopen this matter if Respondents seek to detain him under § 1226(a) and fail to schedule a timely bond hearing.

**BY THE COURT:**

**Dated: September 25, 2026**

/s/ Karoline Mehalchick

**KAROLINE MEHALCHICK**
**United States District Judge**